IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Nos. 06-372 & 07-81 |
| ) | **ELECTRONICALLY FILED** |
| CHRISTOPHER A. HOFFMAN ) | |

**Findings by the Court as to Defendant's Competency**

After reviewing the thorough and comprehensive mental evaluation report of Dr. Robert Wettstein dated March 9, 2010, submitted by the government as Exhibit 1 (under seal), and Dr. Wettstein's testimony today, after observation of defendant's demeanor today and on previous occasions, and after careful consideration of all of the other matters of record, including prior psychiatric evaluations, the Court finds that the preponderance of the evidence establishes the following:

1. Defendant is capable of understanding the nature of the charges against him and these criminal proceedings, and the consequences of pleading guilty or going to trial on the charges. In fact, the Court finds that Mr. Hoffman does indeed understand the nature of the charges against him and these criminal proceedings, and the consequences of pleading guilty or going to trial.

If there were any doubt about Mr. Hoffman's ability to understand the nature of the criminal proceedings and the charges against him, his pro se cross examination of Dr. Wettstein (following cross examination by his counsel) dispels it. Mr. Hoffman's questions, while occasionally eccentric and argumentative, were mostly cogent and directed to the specific issues at hand, i.e., the Court's continuing consideration of the Joint Motion to Determine Whether to

Proceed under Title 18 USC § 4246 (doc. no. 69 at 06-372 and doc. no. 47 at 07–81).

2. Defendant is capable of communicating and working with appointed counsel to assist him in defense of the charges against him, although he has deliberately chosen not to do so up until this point.

3. Defendant's lack of cooperation, to date, with defense counsel and with medical and correctional personnel while incarcerated, is a product of defendant's personality disorders and his malingering, as found by Dr. Wettstein, and not a product of mental illness.  The Court accepts Dr. Wettstein's expert psychiatric opinion that defendant's unusual behavior while incarcerated and his lack of cooperation constitute malingering in an attempt to delay and obstruct his prosecution.

Accordingly, as declared on the record in open court, the Court finds defendant to be competent to stand trial.  A separate Pretrial Order shall be entered.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  All registered ECF counsel