IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Criminal No. 07-81** |
| | **)** | **Civil No. 20-922** |
| **CHRISTOPHER A. HOFFMAN** | **)** | **ELECTRONICALLY FILED** |

**Memorandum Opinion**

## I. Introduction

Before the Court is the *pro se* Motion of Petitioner Christopher Hoffman to Reduce the Sentence he received for violating the conditions of his supervised release at Criminal Nos. 07-81, 06-372, and 01-58. Although it is not styled as such (Petitioner titles it as a Motion for Resentencing and to Appoint Counsel), the Court (and the Government) construes Petitioner's pending Motion as a collateral motion pursuant to 28 U.S.C. Section 2255. Doc. 116. After careful consideration of Petitioner's Motion, the Government's Response thereto, and the record in the case (and the case numbers referenced above), the Court will deny Petitioner's Motion for relief pursuant to 28 U.S.C. Section 2255 as both untimely and without merit.

## II. Procedural Background

This case and the other criminal case numbers listed herein stem from Petitioner's 2001 conviction for committing five bank robberies, for which he was sentenced to concurrent 74 month terms of imprisonment at each count, followed by 3 year concurrent terms of supervised release. In August of 2006, Petitioner was still serving his prison sentence in pre-release custody at the Renewal Center, Inc., a community confinement center, when he escaped from custody and committed yet another bank robbery in Pittsburgh. He was then apprehended and indicted again for bank robbery at Criminal No. 06-372, and for escape at Criminal No. 07-81. Following guilty

pleas, in June of 2010, Petitioner was sentenced to 72 months of imprisonment at Criminal No. 06-372, and 60 months of imprisonment at Criminal No. 07-81 to be served concurrently, as well as 3 years of supervised release at both cases, also to be served concurrently.

Almost immediately following Petitioner's release from imprisonment in March of 2013, Petitioner committed a criminal homicide, for which he was charged in state court, was ultimately convicted of third-degree murder, and was sentenced to 15 to 35 years of imprisonment. Petitioner is currently housed at SCI-Rockview, where he is serving his state prison sentence.

In October of 2014, Petitioner admitted violating the terms of his supervised release at all three case numbers, and accordingly, this Court revoked his supervised release and sentenced him to 24 months of imprisonment at each criminal case number to be served consecutively. The basis for Petitioner's current claim, filed almost six years after the Court pronounced sentence, and close to five years after the mandate was returned affirming the judgment of this Court (doc. 115), appears to be based upon his belief that the Court erred in sentencing him to three consecutive 24 month terms of imprisonment on the revocations of supervised release at the three criminal case numbers.

## III. Standard of Review

28 U.S.C. Section 2255 provides, in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or

> resentence him or grant a new trial or correct the sentence as may appear appropriate.

Whether to conduct a hearing is within the sound discretion of the District Court. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008); *United States v. Day*, 969 F.2d 39, 41 (3d Cir. 1992)(*quoting Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989), *cert. denied* 500 U.S. 954 (1991)). In exercising that discretion, "the [C]ourt must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Day*, 969 F.2d at 41-42 (citation omitted). *See also* Rules Governing Section 2255 Proceedings, Rules 4 and 8. The Court must view the factual allegations in the light most favorable to the Petitioner. *Government of the Virgin Islands v. Weatherwax*, 20 F.3d 572, 574 (3d Cir. 1994) (district court erred in failing to conduct evidentiary hearing on petitioner's non-frivolous allegations of ineffective assistance of counsel) (subsequent history omitted). However, a Section 2255 Motion may be dismissed without a hearing if: (1) its allegations, accepted as true, would not entitle Petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005)(citations omitted).

The pending Section 2255 Motion is subject to the high standard thus requiring a showing of "fundamental defect resulting in a complete miscarriage of justice." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014). This case, being a collateral challenge, rather than a direct appeal, is reviewed much less favorably, and vague and conclusory allegations will not justify further evidentiary inquiry. *United States v. Thomas*, 221 F.3d 340, 430, 437 (3d Cir. 2000). Indeed, as the Supreme Court has explained, collateral relief is an "extraordinary

remedy" that "does not encompass all claimed errors in conviction and sentencing," and "it will not be allowed to do service for an appeal." *Bousely v. United States*, 523 U.S. 614, 621 (1998).

## IV. Discussion

### A. The Instant Motion is Untimely

To timely file a Section 2255 Motion, a Petitioner must satisfy the requirements of 28 U.S.C. Section 2255(f), which imposes a one-year time limit on filing Section 2255 motions. Specifically, 28 U.S.C. Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* As explained by the United States Court of Appeals for the Third Circuit in *United States v. Green*, 898 F.3d 315, 318 (3d Cir. 2018),

> Accordingly, a petitioner seeking collateral review under Section 2255 will have one year from the date on which his judgment of conviction is final to file his petition. [*28 U.S.C.* § 2255(f)]. § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357, 125 S. Ct. 2478, 162 L.Ed.2d 343 (2005). The statute also provides for three limited, alternative circumstances in which the one-year limitations period will begin to run.

*Green*, 898 F.3d at 318.

This Court pronounced sentence on the violations of supervised release in October of

2014, the mandate was returned affirming the Judgment of this Court in October of 2015, and the pending motion was filed on June 9, 2020, the Motion was filed almost four years too late. Therefore, any Section 2255 Motion Petitioner would file at this juncture would not be timely filed pursuant to 28 U.S.C. Section 2255(f)(1).

Thus, the question is whether any of the "three limited, alternative circumstances" set forth in 28 U.S.C. Sections 2255(f)(2), (3), or (4) would be applicable. *Id.* Petitioner does not allege in his Motion that the Government engaged in any action in violation of the Constitution or laws of the United States. Therefore, 28 U.S.C. Section 2255(f)(2) would be inapplicable to the Section 2255 Motion filed by Petitioner. Nor would 28 U.S.C. § 2255(f)(3) be applicable to the Section 2255 Motion filed by Petitioner because there is no applicable precedent that supports his argument.

Finally, Petitioner has not alleged, and the Court cannot possibly surmise a reason why he would not have been able to discover facts surrounding his alleged claim of error. According to Petitioner's Motion, it would appear to be based solely upon legal argument. Petitioner does not argue that he would be relying upon newly discovered facts to support his Section 2255 Motion and therefore Section 2255(f)(4) is inapplicable.

For the above reasons, Petitioner's Motion does not meet the requirements of 28 U.S.C. § 2255(f) as it is not timely filed and will be dismissed on this basis.

**B. The Petition Is Without Merit**

Petitioner's Motion is without merit and will be denied on this basis as well. In order for this Court to grant Petitioner's Motion, it would need to find that the sentence on his revocation of supervised release somehow resulted in a "complete miscarriage of justice." *Travillion* at 288. In fact, as the Government has emphasized and this Court agrees, his supervised release terms at

Criminal No. 01-58 never started until he was released in March of 2013. He escaped from federal custody in 2006 and committed another bank robbery which resulted in re-arrests and subsequent criminal convictions at Criminal Nos. 06-372 and 07-81. When he was released in March of 2013, his terms of supervised release commenced. (See 18 U.S.C. Section 3624(e) which states: "the term of supervised release commences on the day the person is released from imprisonment…. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State or local crime unless the imprisonment is for a period of less than 30 consecutive days.")

While the imposition of concurrent supervised release terms at each of the Criminal Numbers was required, the imposition of concurrent revocation sentences was not. In fact, this issue was raised by another Defendant who was sentenced consecutively like this Petitioner, and on appeal, the United States Court of Appeals for the Third Circuit explicitly held that the Court maintains discretion to impose consecutive terms of imprisonment pursuant to 18 U.S.C. Section 3584(a). *United States v. Dees*, 467 F.3d 847, 851-52 (3d Cir. 2006).

## V. Conclusion

For all of the foregoing reasons, this Court will deny Petitioner's motion for relief under 28 U.S.C. Section 2255 and a Certificate of Appealability will be denied. An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Smart Communications PA DOC
Christopher Hoffman LU-3626
SCI- Rockview
P.O. Box 30228
St. Petersburg, FL33733